UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUY RALPH PEREA, | ) | CV F- 05-0091 OWW DLB P |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION RE |
| v. | ) ) | DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| GEORGE W. BUSH., | ) ) | |
| Defendant. | ) ) | |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. The action was transferred to this Court from the Northern District of California.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the complaint, plaintiff alleges than an unknown state employee illegally transferred a check for over $4500 from Pleasant Valley State Prison to his present prison, Salinas Valley State Prison.  It appears that the money may have been from an IRA account.  The check was apparently deposited into plaintiff's trust account instead of being rolled into another IRA.  The only named defendant is George W. Bush, the President of the United States.

Plaintiff's complaint fails to state facts sufficient to state a cognizable claim for relief under section 1983.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to explain what involvement the only named defendant, the President of the United States, had to do with the alleged transfer of his money.  Moreover, the President is absolutely immune from suit for damages for conduct that is part of the President's official duties.

1 *See* Forrester v. White, 484 U.S. 219, 225 (1988).

2    Based on the foregoing, the Court HEREBY RECOMMENDS that plaintiff's complaint be dismissed in its entirety for failure to state a claim upon which can be granted.  The Court recommends that the dismissal be without leave to amend because its does not appear that plaintiff can prove any set of facts in support of the claim or claims that would entitle him to relief in that the named defendant is  immune from suit.

   These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

**Dated:   April 28, 2005**              **/s/ Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE